IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Charles Blackwell, ) | |
| ) | C/A No. 7:16-cv-02787-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Nick Federico, ) | |
| Tracy Fowler, ) | |
| Brandon Gardner, ) | |
| Michael Morin, Esq., ) | |
| Kim Leskanic, ) | |
| Rodney Bright, ) | |
| Billy Anthony, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, proceeding *pro se* and *informa pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. The plaintiff is a South Carolina Department of Corrections inmate incarcerated at the Ridgeland Correctional Institution. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff alleges that officers with the Cherokee County Sheriff's Office tampered with evidence at the crime scene and exceeded the scope of the search warrant (doc. 1 at 6). It appears that the plaintiff asserts that the drugs he was charged with trafficking were claimed by another person and that he was on trespass notice for the address where the drugs were found (*id.* at 8). The plaintiff contends that, during his trial, several of the jurors had reasons to be prejudiced against him and should have been dismissed (*id.* at 6). He states that his attorney was actually a part of the Seventh Circuit

Solicitor's Office and refused to gather evidence that would have exonerated the plaintiff (*id.* at 6, 8). The plaintiff also alleges that, regarding evidence presented at trial, the chain of custody was broken (*id.* at 7). The plaintiff contends that his arrest and conviction violated his due process rights and that he was subjected to false arrest, false imprisonment, and malicious prosecution (*id.* at 5, 8). He also states that his indictment was false and he was not read his *Miranda* rights (*id*. at 5).

The plaintiff seeks $600,000 from each defendant, release from prison, a full pardon, and a new trial (*id.* at 10).

## **DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff's claims for damages for due process violations, false arrest, false imprisonment, malicious prosecution, a *Miranda* violation, and a false indictment are subject to dismissal pursuant to the Supreme Court's ruling in *Heck v. Humphrey*, which held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. 512 U.S. 477, 490 (1994); *see Edwards v. Balisock*, 520 U.S. 641, 647–48 (1997) (holding that the preclusive rule of *Heck*

extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgement).  The Supreme Court held that

> "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

*Id.*, 512 U.S. at 486–87.

Here, the plaintiff is attempting to attack the validity of his conviction; however, he has not shown that his conviction has been overturned or otherwise impugned.  A favorable determination on the merits of the plaintiff's § 1983 claims would require a finding that his detention is invalid; accordingly, his claims are barred under *Heck* and subject to summary dismissal.

Further, the plaintiff identifies Defendant Kim Leskanic as a prosecutor for the State of South Carolina (doc. 10-1 at 4).  Accordingly, the plaintiff's claims against Leskanic are subject to summary dismissal because the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  The Supreme Court has held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Thus, the defendant is immune from suit for any prosecutorial actions taken in the plaintiff's criminal case. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

3

## **RECOMMENDATION**

Accordingly, based on the foregoing, it is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

                                          s/ Kevin F. McDonald
                                          United States Magistrate Judge

September 14, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).