# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Charles Blackwell, ) | |
| ) | Civil Action No. 7:16-cv-02787-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nick Federico, ) | |
| Terry Fowler, ) | |
| Brandon Gardner, ) | |
| Michael Morin, Esq., ) | |
| Kim Leskanic, ) | |
| Rodney Bright, ) | |
| Billy Anthony, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Charles Blackwell ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. §1983 alleging violation of his constitutional rights. (ECF No. 1.) Plaintiff is a South Carolina Department of Corrections inmate incarcerated at the Ridgeland Correctional Institution. (ECF No. 16 at 1.)

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed *in forma pauperis* if they are frivolous or malicious, if they fail to state a claim upon which relief can be granted, or if they seek monetary relief against a defendant who is immune. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On September 14, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's action be dismissed without prejudice. (ECF No. 16.) The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a

1

recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). If the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation on September 23, 2016. (ECF No. 18.) Specifically, Plaintiff asserts that officers with the Cherokee County Sheriff's Office tampered with evidence at the crime scene and exceeded the scope of the search warrant. (Id.) Additionally, he claims that the drugs he was charged with trafficking were claimed by another person and that he was on trespass notice for the address where the drugs were found. (Id.) Furthermore, he contends that several of the jurors, at his trial, had reasons to be prejudiced against him and should have been dismissed. (Id.) He also claims that his attorney was a part of the Seventh Circuit Solicitor's Office and refused to gather evidence that would have exonerated him. (Id. at 1-2.) Moreover, Plaintiff alleges that the chain of custody was broken, in regard to evidence introduced at trial. (Id. at 2.) In addition, Plaintiff asserts that his arrest and conviction violated his due process rights and that he was subjected to

false arrest, false imprisonment, and malicious prosecution. (Id.) Lastly, he contends that his indictment was false and that he was not read his Miranda rights. (Id.) Plaintiff seeks $600,000.00 from each Defendant, release from prison, a full pardon and a new trial. (Id.)

The court has reviewed Plaintiff's objections, and finds that Plaintiff fails to assert a specific error in the Report. Instead, Plaintiff reasserts facts and allegations from his Complaint. Because Plaintiff failed to properly object to the report with specificity, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315. The court does not find clear error.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 16). It is therefore ordered that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 27, 2016
Columbia, South Carolina

3